JAP:DAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M11-127**

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-

WARREN BILLUPS,

        Defendant.

- - - - - - - - - - - - - - - - - - X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(18 U.S.C. § 2250)

EASTERN DISTRICT OF NEW YORK, SS.:

      DAVID ROSEN, being duly sworn, deposes and says that he is a Senior Inspector with the United States Marshal Service ("USMS"), duly appointed according to law and acting as such.

      On or about and between December 30, 2008 and January 18, 2011, in the Eastern District of New York and elsewhere, the defendant WARREN BILLUPS an individual required to register under the Sex Offender Registration and Notification Act who traveled in interstate commerce, did knowingly fail to register and update a registration as required by the Sex Offender Registration and Notification Act.

      (Title 18, United States Code, Section 2250)

      The source of my information and the grounds for my belief are as follows:[1]

      1.   I am a Senior Inspector with the USMS for the

---

[1] Because the purpose of this affidavit is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

Eastern District of New York.  I have been employed by the USMS for approximately fifteen years.  I am currently assigned to the Sex Offender Investigations Bureau.  One of my responsibilities is to investigate crimes involving individuals who are convicted sex offenders and have failed to register as required by Title 18, United States Code, Section 2250, known as the Adam Walsh Child Protection and Safety Act of 2006 (the "Walsh Act").

2.  I am familiar with the facts and circumstances of the instant case based on first-hand observations during the investigation, my review of documentary evidence obtained during the course of this investigation and discussions with other law enforcement agents.

## STATUTORY AUTHORITY

3.  This investigation concerns alleged violations of Title 18, United States Code, Section 2250 - certain activities relating to failing to register under the Sex Offender Registration and Notification Act.  In relevant part, 18 U.S.C. § 2250 states:

Whoever--

> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2) . . . (B) travels in interstate or foreign commerce . . . ; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

4.  Section 113 of the Walsh Act defines who is

required to register under the Act:

> (A) In General - A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. . . .
>
> (2) Keeping Registration Current - A sex offender shall, not later than 3 business days after each change of name, residence, employment or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. . . .

5. Section 111 of the Walsh Act defines "Sex Offender" as:

> (1) Sex Offender - The term "sex offender" means an individual who was convicted of a sex offense.

The Act further defines "sex offense" as:

> (5) (A) . . . the term 'sex offense' means --
> . . . (ii) a criminal offense that is a specified offense against a minor; . . .

6. Section 111 of the Walsh Act defines a "specified offense against a minor" as "an offense against a minor that involves . . . (H) Criminal sexual conduct involving a minor, . . . [or] (I) Any conduct that by its nature is a sex offense against a minor." 42 U.S.C. §§ 16911(7)(H) and (I).

### STATEMENT OF FACTS

7. I have been informed by law enforcement personnel in the State of North Carolina that, on May 24, 2006, the defendant WARREN BILLUPS was convicted of one count of Indecent Liberties with a Child in violation of North Carolina General Statutes § 14-202.1, a felony offense. The defendant was

sentenced to a term of imprisonment of nineteen to twenty-three months. Documents indicate that BILLUPS was notified while in custody that he was required to register as a sex offender for a minimum of ten years pursuant to North Carolina state law. BILLUPS registered as a sex offender in North Carolina on May 31, 2006, and he remained registered until April 25, 2008, when he notified the Mecklenburg Country Sheriff's Office in North Carolina of a new address in North Carolina, associated with a housing shelter. On or about February 5, 2009, law enforcement authorities discovered that BILLUPS was not residing at his registered address in North Carolina and had not been residing there since December 30, 2008.

8. On or about May 6, 2010, the Mecklenburg Country Sheriff's Office issued a warrant for BILLUPS' arrest for failing to register his current address information as required by North Carolina law.

9. On or about November 22, 2010, following a search of law enforcement databases, the undersigned determined that the defendant was associated with the address 128 Schaefer Street in Brooklyn, New York.

10. The undersigned subsequently spoke with a Confidential Informant at the above-referenced Brooklyn address, who identified a photograph of the defendant as "Warren," and advised that the defendant was a house manager for that property. The Confidential Informant further advised that the defendant had been living at 128 Schaefer Street for at least a year.

5

11. The undersigned has learned from the New York State Division of Criminal Justice Services that BILLUPS has not registered as a sexual offender in New York.

WHEREFORE, Your Affiant respectfully requests that the Court issue an arrest warrant for the defendant WARREN BILLUPS, so that he may be dealt with according to law.

                                Senior Inspector David Rosen
                                United States Marshal Service

Sworn to before me this
3rd of February, 2011

UNITED S'                                    GE
EASTERN       S/ Bloom